# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 5:04-cr-00085

NORMAN KIDD,

        Defendant.

## REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On the 7th day of April 2010, came the Defendant, Norman Kidd, in person and by counsel, Phillip A. Scantlebury, and also came the United States by Miller A. Bushong III, AUSA, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On September 29, 2004, the Defendant was sentenced to a term of imprisonment of forty-two (42) months to be followed by a term of supervised release of six (6) years. The Defendant began serving the term of supervised release on September 7, 2007. On February 11, 2011, the *Petition for Warrant or Summons for Offender Under Supervision* (Document No. 38) was filed charging the Defendant with violating certain conditions of supervised release. An *Amendment to Violation Report* (Document No. 44) was filed on February 17, 2011.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and the *Amendment*, and that the evidence against the

Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition* and the *Amendment*, specifically:

1) <u>Violation of Standard Condition: The defendant shall not commit another federal, state or local crime</u>. On January 27, 2011, the defendant wad arrested by members of the Beckley, West Virginia Police Department, and charged with violating W.V. Code § 60A-4-401(c), possession of a controlled substance (cocaine base);

2) <u>Violation of Standard Condition: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance</u>. The conduct set forth in Violation 1 above is re-alleged. Additionally, the defendant submitted a urine specimen positive for cocaine metabolite on February 14, 2011; and

3) <u>Violation of Standard Condition No. 5: The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons</u>. The defendant has failed to obtain gainful employment since April 2010.

In making these findings, the Court relied upon the information contained in the *Petition* and the *Amendment*, and the Defendant's admission that he committed the violations contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and, for the reasons more fully stated on the record, entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **TWENTY-FOUR (24) MONTHS**. The Court **RECOMMENDS** to the Bureau of Prisons that the Defendant be evaluated for and placed in any and all appropriate substance and/or alcohol abuse treatment programs which may be offered by the Bureau of Prisons including the 500-hour residential drug treatment program.

The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

DATE: April 7, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA